

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

Direct Dial + (212) 819-8866     rhorsch@whitecase.com

March 4, 2013

**VIA ELECTRONIC FILING AND FACSIMILE**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers Room 1230
Brooklyn, NY 11201

Re:   *New York Communities for Change v. New York City Department of Education, et al.*
      Hon. Sterling Johnson, Jr., Civil Action No. 1:11-cv-3494 (SJ) (CLP)

Dear Judge Pollak:

We represent the plaintiff in the above-referenced action. In accordance with Rule 26(f) the parties have conferred regarding the planning of discovery in this matter and have agreed on a Joint Proposed Discovery Plan and Scheduling Order ("Discovery Plan and Order"). The parties hereby jointly submit the Discovery Plan and Order for the Court's consideration and respectfully request the Court's approval.

By way of background, this matter involves claims brought under the citizen suit provisions of the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA). On August 29, 2012, Your Honor issued a Report and Recommendation, recommending that defendants' motion to dismiss, or in the alternative for a stay, be denied. The Report and Recommendation remains under consideration by Judge Johnson. The parties have agreed to proceed with discovery in accordance with and subject to the provisions of the Discovery Plan and Order.

The Hon. Cheryl Pollak
March 4, 2013



    Thank you for your consideration of this matter. Please let us know if Your Honor has any questions.

                                       Sincerely,

                                       Richard A. Horsch

Enclosure

cc:    Judge Sterling Johnson, Jr. (via ECF and certified mail)
        Daniel Patrick Greene, Esq., N.Y.C. Law Dep't (via electronic mail)
        Amy McCamphill, Esq., N.Y.C. Law Dep't (via electronic mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK COMMUNITIES FOR CHANGE,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION and NEW YORK CITY<br>SCHOOL CONSTRUCTION AUTHORITY,<br><br>    Defendants. | Case No. 11-CV-3494<br>Hon. Sterling Johnson, Jr. (SJ)<br><br>(CLP, M.J.) |

## JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

Having conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, the Parties in the above-captioned action hereby respectfully submit for the Court's approval the following proposed discovery plan:

A. The Parties agree to meet and confer within five business days of the Court's decision on Defendants' Motion to Dismiss All Complaints, or, in the Alternative, Stay the Proceedings ("Defendants' Motion") to discuss modifying or suspending this discovery plan, if necessary. Defendants' agreement to this proposed discovery plan in no way constitutes, or shall be interpreted, as a waiver of any and all arguments or legal positions set forth in Defendants' Motion, and all supporting papers, including Defendants' Objections to the Report and Recommendation Recommending to Deny, In Its Entirety, Defendants' Motion to Dismiss All Complaints or, In the Alternative, Stay the Proceedings.

B. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged on **March 8, 2013**. The Parties agree to identify individuals pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) by work addresses and work telephone numbers.

1. Discovery shall be conducted in accordance with the following schedule:

   a. Requests for the production of documents may be served on or after March 8, 2013.

      i. The Parties will serve their objections to the initial requests for production of documents within 30 days of service of the initial requests, unless stipulated otherwise by the Parties. Within five business days following the service of objections, the Parties shall meet and confer, if necessary, to attempt to resolve any expected discovery issues, including strategies to reduce the potential burden of responding to voluminous requests, if any.

      ii. Parties acknowledge that, due to the potentially voluminous amount of relevant materials in this matter, document productions can be made on a rolling basis, but agree that the Parties will make good faith efforts to effectuate production of documents in a timely and expeditious manner, taking into account the scope, magnitude, expense, and burden associated with any requests. Subject to the obligations in the preceding sentence, the Parties also agree that the production of documents in response to the initial document requests, subject to any and all objections or assertions of privilege, shall begin with an initial responsive production within 60 days following the service of such initial requests, unless stipulated otherwise by the Parties. The Parties will meet and confer five business days following the initial responsive production of documents with the purpose of describing the categories of documents and/or production that are still outstanding and the expected timing of the production of the remaining documents.

      iii. Nothing in this section 1(a) or sections 1(b) – 1(e) below limits a Party's right to further request the production of documents following the initial requests for production, so far as permitted by the Federal Rules of Civil Procedure.

   b. Interrogatories and Requests for Admission may be served on or after May 6, 2013.

   c. Requests for entry onto designated land or other property pursuant to Fed. R. Civ. P. 34(a)(2) may be served on or after June 5, 2013.

   d. Motions for an Order to conduct examinations pursuant to Fed. R. Civ. P. 35 may be served on or after June 5, 2013.

   e. Notices of deposition may be served by the Parties on or after June 5, 2013.

   f. All fact discovery shall be commenced in time to be completed by **November 20, 2013**; provided, however, that the Parties shall meet and confer on or after October 1, 2013 to determine if additional time is needed to complete fact discovery or to determine if fact discovery can be completed prior to

    November 20, 2013, and to discuss modifications to this Order as the Parties may request of this Court, as appropriate.

   g. Any Party that will seek to introduce expert testimony in its case-in-chief shall identify each expert by name and area of expertise, and provide a short statement identifying the subject matter on which such expert shall testify, no later than December 15, 2013.

   h. All disclosures required by Rule 26(a)(2) with respect to case-in-chief experts shall be provided by January 17, 2014.

   i. As to experts who will be called solely to rebut expert testimony offered by other parties, all disclosures required by Rule 26(a)(2) shall be provided by February 17, 2014.

   j. As to experts who will be called to reply to expert testimony offered by other parties, all disclosures required by Rule 26(a)(2) shall be provided by March 17, 2014.

   k. All expert discovery, including depositions, shall be completed by **April 7, 2014**.

   l. All motions to exclude experts are to be filed either 30 days following deposition of the expert or, if no deposition is taken of the expert, on or before April 7, 2014.

 3. Non-Party Discovery

   a. The Parties may engage in full discovery with respect to non-parties, commencing on May 16, 2013.

 4. Motions

   a. Dispositive motions are to be served no later than May 10, 2014. The parties shall meet and confer, regarding a briefing schedule for said motions.

   b. All motions and applications shall be governed by the Court's Individual Rules of Practice.

C. Unless otherwise indicated in this Joint Proposed Discovery Plan and Scheduling Order, the timing and procedures for discovery will be governed by the Federal Rules of Civil Procedure.

D. Discovery Protocols

 The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting

privilege or protection claims after production. The parties agree to comply with Fed. R. Civ. P. 26(b)(5) and Eastern District of New York Rule 26.2. The undersigned parties recognize that each party possesses documents and electronically stored information ("DESI") that may be subject to discovery in this litigation. In the course of discovery, the parties understand and expect that there may occur instances of inadvertent production of information subject to attorney-client privilege, subject to other legal privileges, or subject to protection or immunity from discovery as work product or trial-preparation material. In order to facilitate the speedy and cost-effective handling of the volume of DESI subject to discovery, while protecting the integrity of the parties' respective privileges and protections and assuring that such privileges and protections are not waived by inadvertent production, the parties wish to enter into a mutually acceptable agreement to be adopted by the Court. Therefore, in accordance with Fed. R. Civ. P. 26(f)(3)(C)&(D), the parties agree as follows:

1. The inadvertent production by any party of any DESI that is privileged or is protected as work product or trial-preparation material shall not constitute a waiver of any such privilege or protection.

2. If the receiving party discovers that any item(s) of DESI may have been inadvertently produced, the receiving party shall promptly give written notice to the producing party that such information may have been inadvertently produced, together with a description of any such information by production number or other appropriate identification. The producing party may, within fourteen (14) days of receipt of such notice, claim the information as privileged or protected, furnishing the basis for such claim. During the fourteen (14) day period, the

receiving party must treat the information as if a claim of privilege or protection had been asserted. If the fourteen (14) day period passes without a claim of privilege or protection being made by the producing party, the receiving party shall have no further duty to protect the information.

3. If the producing party discovers that it has inadvertently produced any item(s) of DESI for which a claim of privilege or protection exists, the producing party shall promptly give written notice of its claim that the information is privileged or protected, furnishing the basis for such claim.

4. Once a claim of privilege or protection is asserted by the producing party under either paragraph 2 or 3, the procedure specified in Fed. R. Civ. P. 26(b)(5)(B) shall apply and the terms of that rule shall govern the disposition of any such information. The information must be returned if there is no dispute or sequestered if there is a dispute as to privilege within seven (7) days.

5. In the event that the parties are in dispute over whether any DESI claimed by the producing party as privileged or protected qualifies for such a claim, the receiving party may file a motion to compel production, requesting a ruling on the claim. Except to the extent necessary to present the information to the Court under seal, the receiving party shall not otherwise use or disclose the information until the claim has been resolved.

6. In determining the merits of any claim of privilege or protection, the fact or circumstances of the inadvertent production shall not be considered. The determination of whether such privilege or protection exists, and if so, its scope, shall be made as if the information had not been inadvertently produced.

7. The parties hereby incorporate this agreement into their Form 26(f) Report. The parties jointly request that the Court include this agreement in the Court's Pretrial Scheduling Order, pursuant to Fed. R. Civ. P. 16(b)(6).

E. Reservation of Rights

Nothing in this Order shall preclude a Party from being permitted to object to a discovery request on grounds that said request is overly broad, unduly burdensome, not designed to lead to the discovery of relevant or admissible evidence, or otherwise not permitted under the Federal Rules of Civil Procedure. Further, nothing in this Order shall limit or preclude a Party from seeking relief from this Court on discovery related issues.

_____
UNITED STATES DISTRICT JUDGE